## WOOD v. CITY OF MOBILE.

(Circuit Court, S. D. Alabama. February 8, 1900.)

No. 218.

JUDGMENTS—COLLATERAL ATTACK—GROUNDS.

> A decree of a state court can only be collaterally attacked in a federal court when entirely void, either for want of legal organization of the court, or of jurisdiction over either the subject-matter or the parties. The fact that such decree is void on its face, because uncertain and incomplete, does not render it subject to collateral attack; but the remedy must be sought in the court which rendered it, by proceedings for its vacation or by appeal from the decree.

In Equity. On demurrer to bill.

Bestor & Gray and R. H. Clarke, for complainant.

B. B. Boone, City Atty., for defendant.

TOULMIN, District Judge. By the bill in this case the complainant claims to be the owner, as tenant in common with the defendant, of certain lands and other property, and of certain riparian rights appertaining and belonging to some of said lands, constituting a system of waterworks, known as the "Stein Waterworks." Complainant charges that on May 14, 1898, the defendant took exclusive actual possession of said waterworks, and all of said property, rights, and franchises, unlawfully and against complainant's will, ousting him of the possession of every part he then held as the owner in co-tenancy of an undivided share thereof; that the defendant has since had the exclusive possession of said property, and dealt with the same as if it were the sole rightful owner thereof, has continuously operated said waterworks and used said property, has appropriated to its own use all the income derived therefrom during the time, is still so using and operating the same and appropriating the income therefrom, and will continue so to do unless restrained by this court. Complainant further charges that the defendant has not kept the property in reasonable repair, and has allowed it to deteriorate and go to decay, and is continuing so to do, and will eventually dispose of or destroy or abandon all of the tangible property appertaining to said waterworks, unless restrained from so doing by this court. He alleges that the defendant rests its right to hold and use said property and said waterworks as it has done and is now doing upon certain legislative enactments and condemnation proceedings thereunder had in the probate court of

Mobile county, and in which proceedings said court made a final decree purporting to condemn complainant's interest in said property, rights, and franchises to the use of the defendant. Complainant charges that said final decree is altogether void, and confers no authority upon defendant to take, hold, and use complainant's interest in said waterworks and in said property, rights, and franchises. Complainant charges that he has been greatly damaged by the said acts of the defendant; that the defendant is insolvent, and unable to respond in damages to the complainant in a suit at law. The relief prayed for in the bill is, among other things, for an injunction restraining the defendant from injuring or impairing the efficiency of said waterworks and property, and from using the same, until the determination of a suit at law for the recovery of the said property and of this suit.

The bill is filed mainly to prevent waste. To sustain the bill, and to entitle the complainant to the relief sought, the decree of the probate court referred to must be altogether void, and subject to be collaterally attacked and impeached. The decree of a state court may be collaterally attacked in a federal court for want of jurisdiction over the subject-matter or of the defendant therein. But, for error not affecting the jurisdiction of the court, its validity cannot be questioned. Swift v. Meyers (C. C.) 37 Fed. 37; Herron v. Dater, 120 U. S. 477, 7 Sup. Ct. 620, 30 L. Ed. 748. In order to make a judgment void collaterally, either a legal organization of the tribunal, or jurisdiction over the subject-matter, or jurisdiction over the person must be wanting. When either of these defects is shown, the judgment and all rights and titles founded thereon are void, and may be collaterally attacked and impeached. But, where the court has jurisdiction over both the person and the subject-matter, it cannot be collaterally attacked. 12 Am. & Eng. Enc. Law (1st Ed.) p. 147. "It is very doubtful whether a judgment can be considered entirely void, except in the single case where there was a total want of jurisdiction to render it." 1 Black, Judgm. pp. 195, 170. It is not claimed by the complainant that said final decree of the probate court is void for want of jurisdiction in the court over the subject-matter of the proceedings in which the decree was made, which were condemnation proceedings under the laws of the state of Alabama, and it is not claimed that the court did not have jurisdiction over the parties to the proceedings. But it is claimed that the decree is void for many other reasons, specifically set forth in the bill, but not necessary to mention here, as they do not go to the organization of the court, the jurisdiction of the court over the subject-matter, or of the parties to the proceedings. It is claimed, substantially, that the application for and the decree of condemnation are void, because they are vague, uncertain, and incomplete. I consider the application in the condemnation proceedings sufficient, but the decree is uncertain and incomplete, void on its face, and of itself incapable of being executed; but my opinion is that it cannot be collaterally attacked on that ground. Assuming that the decree is void on its face, I think that there is an adequate remedy at law to have it set aside and vacated, either by direct proceedings

for that purpose or by appeal. Until it is set aside and vacated, it is binding on the parties to this suit. This bill, as far as it rests on the invalidity of the decree, cannot be sustained. The effect of a decree on this bill would be to declare the decree complained of altogether void. This court has no power in this proceeding to declare it void. But "all courts have the power to, and should, vacate any final order, decree, or judgment [rendered by them] at any time subsequent to its rendition, if the same is void on the face of the proceedings and record." "The probate court has the power, and it is its duty, to set aside and vacate an order or decree void on its face." Johnson v. Johnson's Adm'r, 40 Ala. 247; Summersett v. Summersett's Adm'r, Id. 596. The demurrers to the bill on the first, third, and fourth grounds assigned are sustained, and it is so ordered.